Bailey, Sp. J.,
delivered the 'opinion of the court.
The original bill in this cause was filed by Iraby Stone, executor of the last will and testament of Jonathan Huggins, deceased, against the devisees and legatees under the will, for instructions in regard to the disposition to he made of the personal assets, and for a sale of lands owned by testator as tenant in common with W. S. Huggins and others.
The testator at his death held the note of W. S. Huggins, executed in 1864, payable ten years after date, stipulating for the payment of interest annually; and by the will he directed that the interest and principal when paid should be given to certain of the legatees, hut the bill, which was brought before the principal was payable, did not seek a decree against W. S. Huggins on -this account.
Having thus been mad© a defendant because he was a tenant in common with the testator of the lands aforesaid, ¥m. S. Huggins filed an answer, and in accordance with our practice, made it a cross-hill, by which he asked to have the note given up to' him to be canceled, upon the ground that during the military occupation of the country it had been procured from him by fraud and threats of military punishment and violence that he could not resist.
The defendant demurred to the cross-bill, assigning several distinct causes for demurrer, one of which was that as nc relief had been asked against him in regard to the note, the matter of the cross-bill was not germane to the issue presented.
*566 The chancellor overruled the demurrer and the parties answered.
After the cause had remained in court for several years, and many witnesses had been examined, swelling the manuscript of the record now before us to making nearly one thousand folio pages, it was heard and determined by the chancellor, who dismissed the cross-bill upon its merits, and from the decree an appeal was granted tO' this court.
And now, the appeal having depended in this court since March, 1875, and having been called for hearing, "William S. Huggins, by his counsel, “conceding that the demurrer tc the cross-bill is well taken, moves for leave to dismiss the same.”
It is well settled as the general rule, of practice in the chancery court, that a complainant, as a matter of course, may move to dismiss his own bill with costs at any time before final decree. "But after decree the court will not suffer him to dismiss the bill unless upon consent, for all parties are interested in the decree, and any party may take such steps as he may be advised to have the effect of it. Again, it is said that, if after hearing a cause, the court has directed an issue to be made up and tried, the complainant before the trial may obtain an order to> dismiss the bill, because the directing of an issue is only to satisfy the conscience of the court preparatory to its judgment. If, however, the issue has been tried and determined in favor of the defendant, the complainant cannot move to dismiss, because the defendant is then entitled to have the cause set down for hearing in order to obtain a formal dismissal of the bill, so as to enroll it as a final judgment and thereby malte it pleadable. 2 Dan’l. Chy. Plead, and Prac., 965 [5th Am. ed., 1st vol., 793, 791, 811; Saylor’s Appeal], 39 Pen. St., 198.
"We thus see that even in the former, where a bill was originally brought, the right to dismiss, although generally *567 recognized, is not always and under all circumstances accorded to the complainant.
It seems that after a general decree for an account, or where such steps hay© been taken as-to render it inequitable to so suffer the complainant to dismiss, he will be restrained.
The supreme court of Ohio, in considering this question, uses the following laguage: “The propriety of permitting a complainant to dismiss his bill is a. matter within the sound discretion of the court, which discretion is to be exercised with reference to the rights of both parties, as well the defendant as the complainant. After a defendant has been put to trouble and expense in making his defense, if, in the progress of the case, rights have been Inanifested that he is entitled to claim, and which are valuable to> him, it would be unjust to deprive him of them merely because the complainant might come to the conclusion that it would be for his interest to dismiss his bill. Such a mode of proceeding would be trifling with the court as well as with the rights of the defendants.” [Conner v. Drake], McCook (Ohio), 170.
Now, although the chancellor would have permitted the complainant to dismiss his bill in the particular case, at any time before decree, yet after decree he had no longer power to control the ease, and he could not by any action taken in the chancery court, have deprived the defendants of the right to plead the decree in bar of another bill brought upon the same grounds. The questions presented by the bill had been adjudicated by a court of competent jurisdiction, and if the case had rested there, were not open for further litigation. Under* our statute, however, an appeal was prayed and granted to this court, and the appellant has now the right “to have a re-examination in the supreme court of the whole matter of law and fact appearing in the record.” Code, sec. 3155 [Shannon’s Code, see. 4887].
It is said, however, that although this is the whole extent of the right conferred on the appellant by the statute, yet *568 lie may now dismiss, not the appeal, hut the original bill, and thus relieve himself of the estoppel the decree of the chancellor interposed to another action. In support of this position, we are told that the effect of an appeal to this court is to vacate the decree made by the chancellor, and that if, for any cause, the suit were now to abate, the decree could not be enforced, and the case of Maskall v. Maskall, 3 Sneed, 208, is cited where the rule is so settled.
We recognize the authority of the case and the correctness of the ruling, but cannot see that it is decisive of the question before us.
Although the decree is vacated by the appeal, still, it is only for -the purpose declared by the. statute — namely, for the purpose of having the whole matter of law and fact re-examined in this court — and to this end it has been enacted that the appeal shall not be dismissed for failure to assign reasons for prosecuting it. Code, sec. 3160. [Shannon’s Code, sec. 4892.]
But what is to b© prosecuted here? Is it the original bill or the appeal?
The parties below were styled the complainants and defendants, here they are styled the appellant and appellee. The bond required of the appellant is Conditioned that he will prosecute with effect, not his suit, but his appeal. And it is declared by law, that appeals shall stand for hearing at the first term. Code, secs. 3161 and 4514 [Shannon’s Code, secs. 4893 and 6349].
The cause is here to be re-examined upon the appeal. If the appeal, for any reason, shall be dismissed, the effect is to affirm the decree, and leave it in the same condition .as if the appeal had not been taken. [Franklin v. Franklin], 2 Swan, 524.
Can the appellant, then, dismiss his bill without at the same time dismissing his appeal? We have seen that -under certain circumstances, by which the defendant would *569 be deprived of an advantage, the complainant in tbe inferior court would not be permitted to dismiss the bill.
We have seen that this is an appeal from a decree pronounced against the appellant, and that this court has jurisdiction only for the purpose of re-examining into' matters of law and fact; and we are told by high authority, that upon an appeal from the chancellor to the House of Lords, an appellant will not be permitted to withdraw bis appeal without the consent of the appellee, for the reason that there may be cases in which it would be unjust, as be might afterwards bring a new appeal. 2 Han’l. Ch’y. Prac., 1578-9 [5th Am. ed., 1497, 1498], •
May not injustice be done to the appellee by permitting the bill to be dismissed? And shall the court give the permission ?
The parties were litigants in the chancery court for several years upon distinct issues of' fact tendered the appellant; the cause was brought to trial and the strength of bis case was submitted to the determination of the chancellor; it was decided against him, and after decree in that court, it was not within the power of the chancellor to grant permission to him to dismiss the bill. If the matter were before us to be determined according to our discretion, we could not under the circumstances allow the motion. But as it is before us, not as an original cause, but as an appeal simply to be prosecuted and defended as such, we cannot suffer the bill to be dismissed, 'but if desired, will permit the appeal to be dismissed.
Nashville, January Term, 1876.